**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE GUADALUPE ALTAMIRANO,

Defendant-Appellant.

No. 02-2099
(D.C. Nos. CIV-00-257 JC/WWD,
CR-96-220-JC)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jose Altamirano, proceeding pro se, effectively seeks to appeal from the district court's denial of his motion to vacate, set aside or correct his sentence, filed pursuant to 28 U.S.C. § 2255. To proceed on appeal before this court, appellant must obtain a certificate of appealability (COA), *see id.* § 2253(c)(1)(B). Mr. Altamirano sought a COA from the district court, which request was denied. We construe his appellate arguments as seeking COA before this court. A COA will not issue unless he makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

On appeal, Mr. Altamirano, who is currently serving a prison sentence after conviction of conspiracy and possession with intent to distribute methamphetamine, raises three arguments. The first, asserting a *Brady* violation in connection with a co-defendant's proffer of evidence,[1] is a new theory raised for the first time on appeal, and we decline to consider it. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). Additionally, Mr. Altamirano contends that his counsel was ineffective in failing to seek a separate trial from that of his co-defendants and that the district court erroneously attributed an excessive amount of drugs to him. Construing his pro se arguments liberally, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), and after careful

---

[1] *See United States v. Gomez,* 191 F.3d 1214, 1218 (10th Cir. 1999) (discussing claims under *Brady v. Maryland*, 373 U.S. 83 (1963) and related cases).

consideration of these issues in light of applicable law, we conclude

Mr. Altamirano has not met the standards for issuance of a COA. The implied

motion for a COA is DENIED and this appeal is DISMISSED.

                                    Entered for the Court


                                    Monroe G. McKay
                                    Circuit Judge